IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KENNETH MOSBY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 07-0748-CV-W-ODS |
| ) | |
| BRENDA K. WEST-ANDERSON, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION DENYING MOTION TO REMAND

Pending before the Court is Plaintiffs' Motion to Remand (Doc. # 11). Plaintiffs' motion raises three bases for remand. The first is an allegation that there are defendants other than West-Anderson and Williams that are participating in the state court proceeding that have not joined in the removal, thereby violating the procedural rule that all defendants must join in removing an action. This basis for remand has been refuted by Defendants' response in opposition demonstrating that the other two named Defendants have not been served in this case and therefore need not join in the removal.

Plaintiffs' next two bases for remand are jurisdictional. Plaintiffs argue that there is no federal question upon which to premise this Court's jurisdiction. The Court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This suit is an action to quiet title, a claim based in state law. Defendants suggest there is a "possible Racketeer Influenced and Corrupt Organizations Act" violation stemming from Plaintiffs' actions leading to this suit. However, it is well established that "arising under" jurisdiction exists only when the federal claim may be identified "unaided by anything alleged or in anticipation or avoidance of defenses which it is thought the defendant may interpose." Taylor v. Anderson, 234 U.S. 74, 75-76 (1914) (citing Louisville & Nashville R.R. Co. v. Mottley,

211 U.S. 149 (1908)). Accordingly, because Plaintiffs' complaint itself contains no federal question, the Court does not have jurisdiction under § 1331.

Lastly, Plaintiffs contend there is also no diversity jurisdiction. This Court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . ., and is between (1) citizens of different States. . . ." 28 U.S.C. § 1332(a). The named Plaintiffs in this action are trustees of a Missouri corporation and are citizens of Missouri. The two Defendants that have been served are citizens of Kansas. Plaintiffs contend that because the "petition does not ask for any monetary amount to be awarded as damages," there is no amount in controversy. However, in cases where monetary damages are not being sought, the amount in controversy is measured by the value of the object of the litigation. See, e.g., James Neff Kramper Farm Family P'ship v. IBP, Inc., 393 F.3d 828, 833 (8th Cir. 2005). Defendants have asserted that the property was listed for sale by Reece & Nichols Real Estate Co. in July 2006 for $250,000. Defendants also assert that the property was appraised for tax purposes in November 2006 at $144,322. Accordingly, because the parties are diverse and there is a sufficient amount in controversy, this Court has jurisdiction under § 1332(a). Plaintiffs' Motion to Remand is DENIED.

IT IS SO ORDERED.

DATE: February 7, 2008 /s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

2